```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| MAJOR CURRIE,<br><br>     Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.;<br>WILSON & ASSOCIATES, LLC; and<br>JOHN DOES 1-20,<br><br>     Defendants. | No. 2:12-cv-02915-JPM-dkv |

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION**

**AND**

**CERTIFYING THAT AN APPEAL WILL NOT BE TAKEN IN GOOD FAITH**

On June 14, 2013, the Magistrate Judge filed a Report and Recommendation for sua sponte Dismissal of the above-captioned action (the "Report and Recommendation"). (See ECF No. 8.) In the Report and Recommendation, the Magistrate Judge "recommend[s] that this case be dismissed for lack of subject-matter jurisdiction and for failure to state a claim." (See id. at 2-3.)

Pursuant to Federal Rule of Civil Procedure ("Rule") 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." See Fed. R. Civ. P. 72(b)(2). The deadline for filing objections has passed. See Fed. R. Civ. P.

5(b)(2)(C), 6(d), 72(b)(2). Plaintiff has not filed any objections to the Report and Recommendation.

The Court first determines whether to adopt the Magistrate Judge's Report and Recommendation (ECF No. 8) and then determines whether an appeal will be taken in good faith.

## I. The Report and Recommendation is Adopted in Part.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee notes (1983 Addition) (Subdivision (b)).

The Magistrate Judge "determined that every federal claim asserted by the plaintiff should be dismissed for failure to state a claim." (ECF No. 8 at 30.) The Court does not find clear error on the face of the record regarding this recommendation. Accordingly, this recommendation is ADOPTED.

The Magistrate Judge further recommends that, "[w]ithout a basis for federal jurisdiction, the court should not exercise supplemental jurisdiction over any state law claims by [Plaintiff]." (See ECF No. 8 at 30.) The Court agrees. "'[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Broughton v. Adams Pontiac Buick GMC Truck, Inc., 272 F. App'x 491, 494 (6th Cir. 2008)

(alteration in original) (quoting City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)).  "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."  Gamel v. City of Cincinnati, 625 F.3d 949, 951 (6th Cir. 2010).  In the instant action, which is in the early stages of litigation, the Court finds that the considerations of judicial economy, convenience, and fairness are outweighed by the consideration of comity that counsels against "needlessly deciding state law issues."  See Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006) (internal quotation marks omitted).  Accordingly, the recommendation that the Court decline to exercise supplemental jurisdiction over the state-law claims is ADOPTED.

In summary, the Report and Recommendation is ADOPTED IN PART.  Only the following two recommendations are adopted: first, that the federal claims be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2); and, second, that the Court decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. 1367(c)(3).  Accordingly, Plaintiff's federal claims are DISMISSED WITH PREJUDICE, and Plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE.

**II.   The Court Certifies that an Appeal Will Not Be Taken in Good Faith.**

"[D]istrict courts [should] make a certification under [28 U.S.C.] § 1915(a)(3) for all cases filed by . . . non-prisoners seeking leave to proceed in forma pauperis on appeal." McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997), overruled on other grounds by LaFountain v. Harry, No. 11-1496, 2013 WL 2221569, at *5 (6th Cir. May 22, 2013).

The Sixth Circuit has "establish[ed] a general rule that failure to file objections to [a report and recommendation] waives appellate review of the district court judgment." Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 458 (6th Cir. 2012).  Plaintiff has not filed any objections to the Report and Recommendation and has thus waived appellate review of this Order.  Accordingly, the Court finds that an appeal will not be taken in good faith.

Pursuant to 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal of this matter by Plaintiff will not be taken in good faith.  Plaintiff may not proceed in forma pauperis on appeal.

**III. Conclusion**

For the Reasons stated above, the Magistrate Judge's Report and Recommendation for sua sponte Dismissal (ECF No. 8) is ADOPTED IN PART.  First, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's federal claims are dismissed for failure to state a

4

claim.  Accordingly, Plaintiff's federal claims are hereby DISMISSED WITH PREJUDICE.  Second, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state-law claims.  Accordingly, Plaintiff's state-law claims are hereby DISMISSED WITHOUT PREJUDICE.

    Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal will not be taken in good faith.

    **IT IS SO ORDERED,** this 16th day of July, 2013.

                                          /s/ Jon P. McCalla  
                                          JON P. McCALLA  
                                          CHIEF U.S. DISTRICT JUDGE